# 186 LUQUES v. DRESDEN.

Samuel W. Luques and others, executors,
*vs.*
Inhabitants of Dresden and others.

Kennebec.    Opinion March 17, 1885.

*Wills.    Devise.*

A will contained a devise in these words: "Item. I give, bequeath, and devise unto the town of Dresden, in the county of Lincoln, to have and to hold forever in trust, and upon the conditions hereinafter stated, all my real estate, situated in said town of Dresden, and all my meeting house property in said town owned by me; also in addition to the above the sum of five thousand dollars ($5000), provided that the said town of Dresden shall create and establish a fund of three thousand dollars ($3000), to be known as the Lithgow Pine Grove Cemetery Fund, to be kept in trust, and held in trust by said town. The interest of which shall be paid annually to the owners or proprietors of such cemetery forever, to be by them applied to keeping the same in good order and condition, with a good fence around the whole lot. Provided further, also, that twelve dollars ($12) of said interest shall be expended annually for the purpose of decorating with flowers, &c. for putting and keeping in perfect order and condition forever, the small lot owned and occupied by my brother, Alfred G. Lithgow, and myself in said cemetery. This legacy and devise, if accepted by said town of Dresden, upon the conditions aforesaid, a copy of the vote of acceptance shall be filed with my executors, on or before two years from the time of my decease. Should any one of the aforesaid devisees or legatees refuse to accept the devised estate upon the conditions named in said devise, then such part together with the remainder of my estate, I then give, bequeath and devise one-half to the said town of Dresden, and the remaining half to the city of Augusta. *Held:*

1. That the testator intended to establish a fund of eight thousand dollars and the real estate given, the income of which was to be appropriated to the use of the cemetery named.

2. That the rejection of the real estate by the town of Dresden was a rejection of the whole devise.

3. That the condition was one which could not legally have been performed, for a town cannot, at its own expense, raise a fund even in part, the income of which is to be appropriated as a gratuity to individuals, or a private corporation.

4. The amount of this devise falls into the residuum which is to be equally divided between the city of Augusta and town of Dresden.

5. The residuary legatees take the real estate as tenants in common and the personal property in severalty.

Bill in equity by the executors of the will of Llewellyn Lithgow, late of Augusta, to obtain a construction of the will.

*S. W. Luques* and *S. and L. Titcomb*, for the executors, contended that the town of Dresden had failed to accept the devise for the benefit of the cemetery upon the conditions named, and that, therefore, that devise, together with the residuum of the estate, remained undisposed of by the will.

For the residuary clause was contingent upon the rejection by some legatee of a provision in his favor, and there has been no refusal to accept, in the sense in which those words are used in the residuary clause. Therefore the devise and legacy to Dresden, together with the residuary of the estate, belongs to the estate of Alfred G. Lithgow, a brother who survived the testator and was his sole heir, and should be paid to the executor of the Alfred G. Lithgow estate, and be by him passed over to Pauline C. Lithgow, as residuary legatee under the will of Alfred G. Lithgow.

*J. W. Spaulding* and *F. J. Buker*, for the inhabitants of Dresden.

*W. S. Choate*, city solicitor, and *E. S. Fogg*, city solictor, for the city of Augusta.

*J. W. Bradbury*, for the trustees of the Lithgow library and reading room.

As the library has a substantial interest in the questions arising in this case, under an authorized arrangement, by which it is to be the recipient of such sums as shall be found coming to Augusta under the residuary clause, I take the liberty in its behalf to submit the following brief suggestions for the consideration of the court:

I. The will of Mr. Lithgow discloses the intention to dispose of his entire property, and to make Augusta and Dresden his residuary legatees.

He first provides for his wife and brother and other relatives of the family, and then manifestly intends that all the residue of his property shall go to Dresden, the place of his birth, and Augusta, where he had spent the larger portion of his active life and accumulated the most of his estate.

He first makes to these towns certain specific bequests, and then constitutes them his residuary legatees. In making these bequests, it was his desire that a portion of them should be applied to certain cherished objects. He wished that a public library and reading room should be established in Augusta, on such solid basis as would make it a permanent memorial to his memory and a blessing to the citizens; and that the cemetery in Dresden, where his ancestors reposed and where he expected to lie, should be cared for and kept in order through all coming time. These were objects worthy of the man and are entitled to be respected. To secure these cherished objects, the will provides in effect a penalty in case of refusal to comply with the prescribed conditions, that either town so refusing shall forfeit the full benefit of such legacy, and only receive a moiety thereof as one of the residuary legatees. The testator undoubtedly believed that this penalty would secure the accomplishment of his purpose.

II. No refusal to comply with any of these conditions was necessary to make the towns residuary legatees. They are made such unconditionally. It would be an unreasonable and unwarrantable construction of the will to hold that the rejection of some of the specific bequests was necessary to entitle the towns to the residuary property. It would be to hold that the intended legatees must refuse to comply with the expressed wish of the testator to entitle them to his bounty; and that if they did comply, he would cut them off. It would be making him say to them: If you carry out my desires, you shall not be my residuary legatees; but if you will thwart them you shall. There is nothing in the language of the will that forces such an unreasonable construction.

The residuary clause reads thus: "Should any one of the aforesaid devisees or legatees refuse to accept the devised estate upon the conditions named in the devise, then such parts, together with the remainder of my estate, I give, bequeath and devise one-half to the said town of Dresden, and the remaining half to the city of Augusta."

To transpose the sentence, or to supply the ellipsis, would give the intention of the testator more clearly; yet it is sufficiently apparent that it was his purpose to add any rejected devise to the residuary fund, and that this, constituting the remainder of his estate, was to go to Dresden and Augusta as his residuary legatees. As a careful consideration of the language and manifest purpose of the will, cannot fail, it is believed, to lead to the above conclusion, I do not think it necessary to elaborate the points to which I have thus briefly alluded.

III. The bequest is of the "remainder of the estate," embracing real and personal property without distinction. It is not a devise of a specified parcel of land, half to A and half to B, but of many unspecified parcels, together with the residue of the personal property; and there would seem to be a propriety, as well as a convenience, if the executors could sell the real estate and make division of the proceeds, with the personal property, according to the will. They are in all respects well adapted to the successful discharge of such duty, and it would be agreeable to those I represent, to have them do it, if the court shall feel authorized to give such constructions to the law. R. S., c. 68, §§ 11, 14.

DANFORTH, J. The answers to the first three questions propounded in this bill, depend upon the construction of the item in the will which is as follows: "I give, bequeath and devise unto the town of Dresden, in the county of Lincoln, to have and to hold forever in trust, and upon the conditions hereafter stated, all my real estate situated in the town of Dresden, and all meeting house property in said town owned by me. Also in addition to the above, the sum of five thousand dollars, provided that the said town of Dresden shall create and establish a fund of three thousand dollars, to be known as the Lithgow Pine Grove cemetery fund, to be kept in trust, and held (in trust) by said town, the interest of which shall be paid annually to the owners or proprietors of said cemetery forever, to be by them applied to keeping the same in good order and condition, with a good fence around the whole lot. Provided further, also that

twelve dollars of said interest shall be expended annually, for the purpose of decorating with flowers, &c., for putting and for keeping in perfect order and condition forever, the small lot owned and occupied by my brother, Alfred G. Lithgow, and myself, in said cemetery. This legacy and devise, if accepted by said town of Dresden, upon the conditions aforesaid, a copy of the vote of acceptance shall be filed with my executors, on or before two years from the time of my decease. " A further provision is that " should any one of the aforesaid devisees or legatees refuse to accept the devised estate upon the conditions named in said devise, then such parts, together with the remainder of my estate, I then give, bequeath and devise one-half to the said town of Dresden, and the remaining half to the city of Augusta. "

That the testator intended by the above named legacy and devise, to secure the establishment of a fund, the income of which was to be appropriated to the repair of Pine Grove cemetery, is clearly enough expressed; the amount of that fund is left in uncertainty. On the one hand, it is claimed that it was to be the real estate with the five thousand and three thousand dollars, and on the other, that it was but three thousand dollars. There are serious difficulties in either view. If the former is correct, then the town has rejected the legacy. The acceptance of the " legacy and devise" in the manner designated in the will, is a condition precedent, without the performance of which, the town would not be entitled to receive it. There was an attempted performance, but the vote of the town filed distinctly rejected the " devise " of real estate. If that constituted a part of the fund from which the income was to come, whether much or little, it was a virtual rejection of the legacy given. It certainly was not an acceptance as required by the condition. The town could not elect a part to accept and a part to reject, but must treat it as a whole. This might be doubtful perhaps, if the real estate was not a part of the fund, for in that case its rejection would not diminish the income, and the testator, or his intended beneficiaries would have no cause of complaint.

Was it then a part of the legacy given to the town upon the condition named? In other words did the testator intend that

the land and five thousand dollars should be a part of the fund to be established to which the three thousand dollars were to be added by the town, or was the three thousand to be the whole fund which the town might establish from the five thousand dollars and the land? The latter view is clearly sustained by the language used in the will in the immediate connection with the establishment of the fund. But the whole item in the will must be taken together. The land and the money must be treated as one, as given upon the same trust and the same conditions. Both were given in trust and both upon a condition. That trust was to continue forever. This was recognized by the town for it was on that ground that the land was rejected, that the trust imposed burdens too heavy to be borne. Hence the land would be inalienable, the money must be kept for all time. Whatever is to be done with the income the town could receive no benefit from it, for that which is given in trust is not for the use of the trustee but for that of the *cestui que trust*, and here no *cestui que trust* is named except the cemetery. It could not therefore have been given to operate as an inducement, upon the town to create or establish a fund of three thousand dollars, for that which produces no benefit can be no inducement. Besides no apt words to show such an intention on the part of the testator are used. To enable that inference to be drawn there must be something to show that the trust as to the legacy must cease when the fund was established.

The language used imposing the burden upon the town tends to the same conclusion. It is that the town shall "create and establish a fund of three thousand dollars to be known," &c. If the fund was to be taken from the legacy it would be the creation of the legacy rather than that of the town. Certainly the town could in no proper sense be said to have created and established a fund which was given to it by another.

It is true that with this construction of the will the legacy was one which the town could not legally accept and perform the condition attached.

It will be noticed that the income of the fund is to be "paid to the owners or proprietors of said cemetery." Hence we must

infer, and this inference is confirmed by the answer of the town, that the cemetery is not the property of the town, but of individuals, or a private corporation. Although a cemetery may be one of those things which a town may provide at its own expense, it cannot for that purpose make an assessment for the benefit of one over which it has no control and which operates as a gratuity for the benefit of individuals who may or may not be inhabitants of the town. So too, while the statute R. S., c. 15, § 14, authorizes a town to accept and hold forever a legacy for the benefit of any burial lot or ground, it does not authorize the town to create a fund or a part of a fund for any such purpose.

It may seem incredible that any person of so much intelligence, as was the testator in this case, should have made a legacy, not only with conditions which could not legally be complied with, but also such, as in this case, to make it more profitable for the legatee to reject than to accept, and thereby hold out a strong temptation to the legatee to thwart his intention by a refusal to accept. But we are not to construe this, or any other written instrument, in accordance with what we might think it proper to be done, but the intention must be learned from the language used, and if we are to give this will any other construction than that above indicated, we must omit words that are used and insert others of a very different import. If the testator had intended that the three thousand dollars was to be taken from the five thousand dollars and be the limit of the fund in amount, it would certainly have been easy to have used apt words to express that intention. But he has not done so, and we cannot disregard the language used, and impute to him an intention he has not expressed.

It is, however, creditable to the town that at the risk of a considerable pecuniary sacrifice it has made all the efforts possible to accept the legacy, and carry out the known wishes of the testator so far as the law will allow.

Under this conclusion that the town has rejected a legacy which it could not legally accept, the next question is what is to be done with the property so devised? Upon this point we find no difficulty. The legacy having failed, whether from rejection or illegality is immaterial, the property so devised falls into the

residuum. It is clear that the testator intended to dispose of all his property by his will, and that which failed of disposition in any other item must, of necessity be included in the residuary clause.

That the residuary devise does not depend upon the acceptance or rejection of any legacy is apparent from the reading of the will. That condition applies only to the legacy rejected, and settles the question as to whether that shall go into the residuum. While, therefore, it may affect the amount disposed of by the residuary devise, it does not affect the validity or force of that devise. The result is, that the city of Augusta and the town of Dresden are the residuary legatees under the will, and are entitled to all the residue including the devise and legacy referred to in the first three questions.

As we find no authority given in the will to sell any real estate, the fourth question must be answered in the negative. The two legatees become tenants in common of the real estate disposed of by the residuary clause, and take the personal property in severalty.

*Decree accordingly. Costs to be a charge upon the estate.*

PETERS, C. J., WALTON, LIBBEY, EMERY and FOSTER, JJ., concurred.